UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN MARTIN,

                Plaintiff,

-against-

FUJI HUNT PHOTOGRAPHIC
CHEMICALS, INC.,

                Defendant.
------------------------------------------------------------x

FILED
U.S. DISTRICT COURT
2005 JAN 31  P 1:28
S.D. OF N.Y. W.P.

**VERIFIED COMPLAINT**
**AND JURY TRIAL DEMAND**

Index No.

Assigned Judge: ROBINSON

05 CIV. 1002

    Plaintiff, John Martin, by and through his attorney, Paul N. Cisternino, as and for his complaint, alleges as follows:

### INTRODUCTION

    1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

    2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically the Age Discrimination in Employment Act of 1967 as amended (hereinafter "ADEA"), and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

    3. Plaintiff alleges herein that he was illegally subjected to discrimination, denied the equal terms, conditions and privileges of employment, denied a promotion and terminated based on age.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

## ADMINISTRATIVE PROCEEDINGS

5. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff received a written dismissal from the Commission and it has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

6. Plaintiff is a fifty-two year old male who resides in Westchester County.

7. Upon information and belief Defendant, Fuji Hunt Photographic Chemicals Inc. (hereinafter "Fuji Hunt"), is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and the New York State Human Rights Law, employing more than 15 individuals.

## ALLEGATIONS

8. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "7" as if fully set forth herein.

9. Plaintiff was hired by Fuji Hunt in June 1994 as a Sales Representative assigned to the company's Eastern Region.

2

10. At all times relevant herein, Plaintiff was qualified for and satisfactorily performed the duties of his position, receiving the Salesman of Year Award in 1998 and Distinguished Sales Awards in three other years.

11. Until in or about March 1999, Plaintiff's salary had been approximately ninety-three thousand (93,000) dollars per year, which included base salary and bonus.

12. In or about June 1998 Fuji Hunt acquired the Anchor Chemical Company.

13. The acquisition of Anchor Chemical resulted in many of its managers taking positions at Fuji Hunt.

14. Upon information and belief, the acquisition triggered a change at the company whereby older employees were being targeted for unfair treatment and being forced out of the company.

15. In March 1999, Division Manager Charles Pascarelli, upon information and belief approximately thirty-eight years of age, stated in a sales meeting that he wanted a "young, aggressive work force" while staring at Plaintiff and another salesman, Ed Ianello, who was, upon information and belief, approximately fifty-nine years of age at the time.

16. Ianello felt the tone and nature of Pascarelli's statement to be so objectionable that he complained about it to Human Resources; no action was taken.

17. In or about November 1999, a new position as Division Manager was given to Charles Pascarelli, who was, upon information and belief, approximately thirty-eight years of age, after it had been promised to Plaintiff by Vice President Scott Clouston.

18. After the acquisition, Plaintiff's immediate supervisor became Eastern

Regional Manager Jeff Gillis, upon information and belief approximately thirty-eight years of age, who was formerly with Anchor Chemical.

19. Upon information and belief, based on his age Plaintiff was set up for failure by various supervisory employees of the Defendant, by *inter alia*, being given a "diminished" sales territory in or about February 2002 which prevented him from meeting his sales projections, being given a reduced commissions rate and having sales that should have been credited to him credited to other sales representatives.

20. In a meeting with Plaintiff in 2002, Gillis asked Plaintiff's age and also inquired as to why Plaintiff would have children "so late in life."

21. Plaintiff complained to of this treatment to Fuji Hunt President Bert Aerts and Director of Human Resources Mary Ann Poch, all to no avail.

22. In or about November 2002 Gillis placed Plaintiff on a sixty-day probation.

23. Plaintiff was terminated by Defendant on July 7, 2003, upon information and belief, illegally based on his age.

24. As of the date of his termination, Plaintiff was making a salary of approximately eighty-thousand (80,000) dollars per year.

25. In addition, Plaintiff never received a severance payment of twenty-four thousand (24,000) dollars, which he had been promised.

26. As herein described, as the direct and proximate result of Defendant's unlawful acts, Plaintiff suffered, *inter alia*, mental anguish, conscious pain and suffering, emotional distress, the loss of past and future employment and income and other employment-related benefits, and other injuries and psychological damages of a protracted and permanent nature, the full extent of which are currently unknown.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT
## AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

27. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as though fully set forth herein.

28. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the ADEA in that Plaintiff was disparately treated and terminated based on his age.

29. As herein described, Defendant acted with malice or with reckless disregard for Plaintiff's rights, thereby entitling Plaintiff to awards of compensatory and punitive damages and of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON AGE
## PURSUANT TO THE NEW YORK EXECUTIVE LAW §290

30. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as though fully set forth herein.

31. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated and terminated based on his age.

32. As herein described, Defendant acted with malice or with reckless disregard for Plaintiff's rights, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff John Martin, respectfully requests that the Court assume jurisdiction herein and thereafter:

1. Award plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined.

2. Award reasonable attorney's fees and the costs of this action.

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:   White Plains, New York
         January 28, 2005

                    Law Office of Paul N. Cisternino, P.C.
                    *Attorneys for Plaintiff*

                    By:_____
                       Paul N. Cisternino (PC0317)
                    701 Westchester Avenue  Suite 308W
                    White Plains, New York  10604
                    (914) 997-0303

# VERIFICATION

STATE OF NEW YORK           )
                            ) SS:
COUNTY OF WESTCHESTER       )

JOHN MARTIN, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/11/07

_____
JOHN MARTIN

Subscribed and sworn to before me this
28th day of January, 2005.

_____
Notary Public

## DISMISSAL AND NOTICE OF RIGHTS

To: Mr. John Martin
8 Watson Street
Cortlandt Manor, NY 10567

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 171-2004-00608 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Marie M. Tomasso, District Director     November 3, 2004
*(Date Mailed)*

Enclosure(s)

cc: Fuji Hunt
Adin C. Goldberg, Esquire (For Respondent)